# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0106V
### Filed: January 19, 2018
UNPUBLISHED

|  |  |
|---|---|
| MARCIA MILLER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 23, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleged that she developed Guillain-Barré Syndrome ("GBS") resulting from the influenza vaccine she received on September 29, 2015.  Petition at 1, ¶¶ 4, 17-18.  On October 27, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  (ECF No. 24.)

On December 14, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 28.)   Petitioner requests attorneys' fees in the amount of $25,863.75 and attorneys' costs in the amount of $1,000.75.  (*Id.* at 1.)  In compliance with General

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (*Id.*) Thus, the total amount requested is $26,864.50.

On December 19, 2017, respondent filed a response to petitioner's motion. (ECF No. 29.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3.)

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. The undersigned finds it necessary to reduce the hourly rate of petitioner's counsel Mr. Knutson. Mr. Knutson requested a total of $25,863.75 for work performed from 2016 - 2017. Petitioner's counsel billed at a rate of $365.00 for 2016 and 2017, and $130.00 for paralegal work for 2016 and 2017. Both amounts exceed rates previously awarded for Mr. Knutson. *Spivak v. Sec'y of Health & Human Servs.*, No. 16-0070V, 2017 WL 6503606 (Fed. Cl. Spec. Mstr. May 26, 2017); *Deckert v. Sec'y of Health & Human Servs.*, No. 16-0562V, slip op. (Fed. Cl. Spec. Mstr. May 17, 2017) As is consistent with other cases in this program, Mr. Knutson is awarded $295.00 per hour for attorney work performed in 2016 and $75.00 per hour for paralegal work performed in 2016. The undersigned will award the increased rate of $365.00 for Mr. Knutson and $130.00 for paralegal work for hours billed in 2017.

The Vaccine Program does not permit billing for clerical, administrative, or secretarial work. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (finding that services of a secretarial or clerical nature "should be considered as normal overhead office costs included within the attorneys' fee rates"); *J.W. ex rel. Wilson v. Sec'y of Health & Human Servs.*, 2017 WL 877278, at *3 (Fed. Cl. Spec. Mstr. Feb. 10, 2017) ("It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program").

Petitioner's counsel billed approximately 1.40 paralegal hours for scanning records, making labels and opening the file.[3] These entries, which the undersigned characterizes as administrative work, do not constitute billable time. *Guerrero v. Sec'y of Health & Human Servs.*, 124 Fed. Cl. 153, 156 (2015) (noting that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them") (internal quotations and citations omitted). The undersigned therefore reduces the fee request.

---

[3] Paralegal billed 0.3 hours for "Scan medical records from client" and 1.10 hours for "Open file, make labels, create contact sheet, etc." (ECF No. 28-2, p. 8)

| | |
|---|---:|
| Requested attorneys' fees | $16,698.75 |
| Requested Paralegal fee | $ 9,165.00 |
| Less attorney rate reduction from $365 to $295 for 17.65 hours billed in 2016: | -$ 1,235.50 |
| Less paralegal rate reduction from $130 to $75 for 56.80 hours billed in 2016: | -$ 3,124.00 |
| Less 1.4 hours as administrative time | -$182.00 |
| Adjusted total for attorneys' fees: | $21,322.25 |
| Requested costs: | +$1,000.75 |
| **Total Attorneys' Fees and Costs Awarded:** | **$22,323.00** |

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS in part** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $22,323.00[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Randall G. Knutson.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.